IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PEDRO S. GARCIA,

    Plaintiff

v.                                                                                          Case No. 4:14-cv-01940

REDI-MIX SOLUTIONS, LTD.,
CRAIG SCOTT and BRANDI SCOTT,

    Defendants
_____/

**ORIGINAL COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

    The Plaintiff, PEDRO S. GARCIA, through the undersigned counsel, sues the Defendants REDI-MIX SOLUTIONS, LTD., CRAIG SCOTT, and BRANDI SCOTT, for overtime wage compensation and associated relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 207(a), 216(b) ("FLSA"), and in support thereof states the following:

    1.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 since the claims in this Complaint arise under federal law, *i.e.*, the FLSA and its private right of action conferred in 29 U.S.C. § 216(b).

    2.    Plaintiff, PEDRO S. GARCIA is an individual residing in Houston, Texas who was employed by Defendants from June of 2012 through April of 2014 as a foreman. His job duties included jackhammering concrete buildup out of concrete mixer trucks, at work sites in the greater Houston area and in parts of Louisiana.

3. Defendants are an enterprise engaged in interstate commerce, maintaining and operating a company named REDI-MIX SOLUTIONS, LTD. specializing in, among other things, concrete chipping, i.e., removing concrete from mixing drums and truck, throughout Texas, Louisiana, and other locations around the United States. Defendants have well over two employees engaged in interstate commerce and they do a business volume of over $500,000 gross annually.

4. CRAIG and BRANDI SCOTT are the owners of the business, and operate it on a day-to-day basis, acting directly on behalf REDI-MIX SOLUTIONS, LTD. as employers under 29 U.S.C. § 203(d), and are therefore jointly and severally liable as such for the claims described in this Complaint.

5. Venue is appropriate in the Southern District of Texas because Plaintiff worked almost entirely in the Houston area, in this District. He worked more than 40 hours per week in this district and received pay in this district that did not compensate him for his overtime work in accordance with the FLSA. *See* 28 U.S.C. § 1391(b)(2), (d).

6. Throughout his employment with Defendants, Plaintiff worked well over forty hours each week ("overtime hours"). He customarily worked over 60 hours a week.

7. Defendants intentionally and willfully failed to pay Plaintiff one and one-half times his regular rate of pay for the overtime hours worked. Instead, they paid him only his regular rate of pay ($18/hour) for the hours he worked over 40 in a week.

8. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

9. Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA, well aware of the hours that Plaintiff worked and yet continuously and recklessly refusing

to pay overtime compensation for the overtime work Plaintiff did for Defendants. Plaintiff raised the issue of overtime pay with Defendants. In response, Plaintiff was told that the matter would be looked into, and they gave Plaintiff a $1 raise. But they never addressed the overtime pay issue and continued to deny Plaintiff overtime pay throughout the rest of his employment with them.

10.   As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime that was not paid and that should have been paid. See 29 U.S.C. §§ 207, 216(b).

11.   Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime compensation. *See id.*

12.   Plaintiff also seeks compensation for the out-of-pocket expenses and court costs incurred in the present action, as well as reasonable and necessary attorney's fees. *See id.*

13.   Plaintiff retained the law firm of the Ross Law Group, P.C., to represent Plaintiff in this action and has agreed to pay said firm a reasonable attorney fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be Plaintiff's sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney fees that Plaintiff is entitled to collect against Defendants under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff described above with Defendants being held jointly and severally liable;

C) The Court award Plaintiff reasonable and necessary attorney's fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

Ross Law Group, P.C.

By:

*[signature: Vijay Pattisapu]*

Vijay Pattisapu
Texas Bar No. 24083633
Southern Bar No. 1829615
1104 San Antonio St.
Austin, TX 78701
Phone: (214) 716-4597
Fax: (855) 867-4455
vijay@rosslawgroup.com

Counsel for Plaintiff